JOHN L. BURRIS, Esq., (SBN 69888)
DEWITT M. LACY, Esq., (SBN 258789)
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff
STACY BROWN

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY BROWN an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANITOCH, a municipal corporation; RICK SMITH, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; RYAN MCDONALD, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; STEVEN AIELLO, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; CASEY BROGDON, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; KEVIN TJAHJADI, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; AURELIANO | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>(42 U.S.C §§ 1983; and pendant tort claims)<br><br>JURY TRIAL DEMANDED |

1

| | |
|---|---|
| | MENDES, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; THOMAS SMITH, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; DOES 1-10, individually and in their official capacity as a police officers for the CITY OF ANTIOCH<br><br>Defendants. |

### INTRODUCTION

1.   This is an action for damages brought pursuant to Title 42 U.S.C §§1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code §§51.7 and 52.1, and under the common law of California. These claims arise out of the wrongful arrest, detention, and vicious mauling of STACY BROWN on August 15, 2015.  This action is against RICK SMITH, RYAN MCDONALD, THOMAS SMITH, STEVEN AIELLO, CASEY BROGDON, KEVIN TJAHJADI, AURELILANO MENDES, and DOES 1-10 of the Antioch Police Department.

### JURISDICTION

2.  This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Section 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Antioch, Contra Costa County, California, which is within this judicial district.

///

///

2

# PARTIES

3. At all times mentioned herein, STACY BROWN, (hereinafter "Plaintiff"), has been and is a resident of Antioch, California, and is a United States Citizen.

4. Defendant CITY OF ANITOCH (hereinafter "CITY") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California. Under its authority, CITY operates the City of Antioch Police Department.

5. At all times mentioned herein, Defendant, RICK SMITH, (hereinafter "SMITH"), was a POLICE OFFICER for the ANTIOCH POLICE DEPARTMENT, and is sued individually and in his official capacity.

6. At all times mentioned herein, Defendant, RYAN MCDONALD, (hereinafter "MCDONALD"), was a POLICE OFFICER for the ANTIOCH POLICE DEPARTMENT, and is sued individually and in his official capacity.

7. At all times mentioned herein, Defendant, THOMAS SMITH, (hereinafter "T. SMITH"), was a POLICE OFFICER for the ANTIOCH POLICE DEPARTMENT, and is sued individually and in his official capacity.

8. At all times mentioned herein, Defendant, STEVEN AIELLO, (hereinafter "AIELLO"), was a POLICE OFFICER for the ANTIOCH POLICE DEPARTMENT, and is sued individually and in his official capacity.

9. At all times mentioned herein, Defendant, CASEY BROGDON, (hereinafter "BROGDON"), was a POLICE OFFICER for the ANTIOCH POLICE DEPARTMENT, and is sued individually and in his official capacity.

10. At all times mentioned herein, Defendant, KEVIN TJAHJADI, (hereinafter "TJAHJADI"), was a POLICE OFFICER for the ANTIOCH POLICE DEPARTMENT, and is sued individually and in his official capacity.

11. At all times mentioned herein, Defendant, AURELIANO MENDES, (hereinafter "MENDES"), was a POLICE OFFICER for the ANTIOCH POLICE DEPARTMENT, and is sued individually and in his official capacity.

12. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for THE CITY OF ANTIOCH.

13. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

14. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

15. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

**FACTS**

16. On August 15, 2015, at approximately 10:00 a.m., Plaintiff and his female passenger were driving down Putnam Street in Antioch, California when Antioch Police Department Vehicles suddenly blocked his path of travel.

17. Officers exited their vehicles, drew their service weapons, aimed them at Plaintiff's vehicle, and began to shout in Plaintiff's direction. Plaintiff could hear officers commanding, "Ulysses Davis, exit the vehicle!"

4

18. Plaintiff discovered later that Ulysses Davis was on the U.S. Marshalls Most Wanted list with outstanding warrants for attempted homicide and weapons violations, including the use of an assault rifle.

19. Unfamiliar with the name Ulysses Davis at the time, and in fear for his life, Plaintiff drove away from the scene. He pulled into a nearby gas station, parked his vehicle and attempted to regain his composure.

20. Still in fear for his life, Plaintiff exited the vehicle with his female companion and sought sanctuary at the neighboring New Life Free Will Baptist Church.

21. When it became clear that the church was locked and no one was inside, Plaintiff and his female companion walked to the rear of the building where they sat for a few moments before Defendant officers from the Antioch Police Department re-engaged with Plaintiff.

22. With their guns pointed at Plaintiff, officers ordered him to the ground. Plaintiff complied and lay face down on the ground immediately.

23. At this time, one of the Defendant officers approached Plaintiff and secured a handcuff around his right wrist. Before his left wrist could be securely fastened into the handcuffs, Defendant MCDONALD allowed his police canine "Leroy" enough slack on his leash that Leroy was able to make physical contact with Plaintiff.

24. Without warning, Leroy forcefully latched onto Plaintiff's right leg tearing into his flesh. As Plaintiff scram out in pain, Leroy disengaged, releasing Plaintiff's right leg and attacked Plaintiff's left arm. Leroy remained engaged and latched onto Plaintiff's arm for the next five minutes. Plaintiff recalls Leroy loosening

5

his vicious grip and re-acquiring his bite at least five times, as he lay helpless and screaming on the ground.

25. Plaintiff suffered multiple injuries due to the negligent and unwarranted attack. Plaintiff required one hundred and fifty six (156) stiches and twenty-six (26) staples to treat his arm injury. A skin graft was also required to repair the severe damage to Plaintiff's arm. Another seven (7) stiches were placed in Plaintiff's right leg.

## DAMAGES

26. Plaintiff suffered wrongful arrest, wrongful detention and substantial physical injuries. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

**(Violation of Fourth Amendment of the United States Constitution)**

**(42 U.S.C. §1983)**

(Against MCDONALD and DOES 1-10)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

6

29. Defendants violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him when Defendant MCDONALD released K9 officer Leroy, which severely bit Plaintiff on the arm and leg while he was on the ground in a prone position.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violation of Right To Enjoy Civil Rights)**

**(Violation of CALIFORNIA CIVIL CODE § 52.1)**

(Against All Defendants Herein)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

32. As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

33. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

34. Plaintiff is entitled to treble damages, but in no case less than

$4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

35. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

(Against All Defendants Herein)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 of this Complaint.

37. Defendants' above-described conduct was extreme, unreasonable and outrageous.

38. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that plaintiff would suffer extreme emotional distress as a result of defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**(Monell)**

**(42 U.S.C. § 1983)**

(Against Defendant CITY and DOES 1-10)

8

39. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 38 of this Complaint.

40. As against Defendant CITY and/or DOES 1-10 and/or each of them, individually and/or in their capacities as official policy-maker(s) for CITY, including the Chief of Police.  Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant CITY tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the Constitutional rights of citizens, such as Plaintiff.

41. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendant CITY and DOES 1-10 and/or each of them, to the repeated violations of the constitutional rights of citizens by Antioch Police Department officers.

42. The aforementioned deliberate indifference, customs, policies or practices of Defendant CITY and DOES 1-10, and/or each of them, resulted in the deprivation of the constitutional rights of the plaintiff, including, but not limited to the following:

   a. The right not to be deprived of life, liberty, or property without Due Process of Law;

   b. The right to be free from unreasonable searches and/or seizures; and/or

    c. The right to the equal protection of the law;

    d. The right to enjoy civil and statutory rights;

    e. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

43. As a result of the violation of their constitutional rights by Defendants CITY and/or DOES 1-10, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Negligence)

(Against MCDONALD and DOES 1-10)

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 of this Complaint.

45. By the above-described acts incorporated herein, Defendant MCDONALD and DOES 1-10, inclusive, had notice of Plaintiff's civil rights and Fourth Amendment protections against unreasonable searches and seizures, including the use of excessive force.

46. Defendant MCDONALD's actions were negligent and were not done with due care and were the legal cause of Decedent's injuries and damages alleged herein.

47. Defendant MCDONALD's actions were done while in the course and scope of his employment as an officer for the CITY OF ANITOCH, and as

such, Defendant CITY OF ANITOCH is vicariously liable for Defendant MCDONALD's negligence.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

(Violation of CALIFORNIA CIVIL CODE §51.7)

(Against all Defendants herein)

48. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 47 of this complaint.

49. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants was motivated by prejudice against Plaintiff STACY BROWN. Plaintiff is readily recognizable as African-American. In engaging in such conduct, Defendant violated decedent's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

50. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

51. As a proximate result of Defendants wrongful conduct, decedent suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

52. Plaintiff hereby demands a jury trial in this action.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.


Dated: September 2, 2016                                **LAW OFFICE OF JOHN BURRIS**

                                                               /s/ *John L. Burris*
                                                              John L. Burris
                                                              Attorney(s) for Plaintiff


                                                              /s/ *DeWitt M. Lacy*
                                                              DeWitt M. Lacy
                                                              Attorney(s) for Plaintiff