UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STACY BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF ANTIOCH, et al.,<br><br>        Defendants. | Case No. 16-cv-05102-LB<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Re: ECF No. 30 |

## INTRODUCTION

DeWitt Lacy moves to withdraw as counsel for the plaintiff, Stacy Brown, because Mr. Brown "has completely withdrawn his participation" from the litigation.[1] Mr. Lacy notified Mr. Brown of his intention to withdraw by mail five times between December 12, 2016, and April 12, 2017, and mailed the pending motion on May 17.[2] Mr. Brown, however, did not respond.[3] The defendants do not oppose Mr. Lacy's motion.[4]

---

[1] Motion to Withdraw – ECF No. 30; Lacy Decl. – ECF No. 31, ¶ 2. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See* Motion at 3–4; Lacy Decl. ¶ 5.

[3] *See generally* Docket.

[4] Statement of Non-Opposition – ECF No. 36.

ORDER – No. 16-cv-05102-LB

The court can decide the matter without oral argument and vacates the June 22, 2017 hearing. Civil L.R. 7-1(b). The court grants the motion because Mr. Brown's failure to communicate establishes good cause, and because Mr. Lacy has taken sufficient steps to alert Mr. Brown of his intention to withdraw and to avoid possible harm stemming therefrom.

## GOVERNING LAW

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Until the client appears *pro se* or obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the court and from the opposing parties. Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also Dieter v. Regents of Univ. of Cal.*, 963 F. Supp. 908, 910 (E.D. Cal. 1997). Under California Rule of Professional Conduct 3-700(C), counsel may withdraw if the client makes it unreasonably difficult for the attorney to carry out his or her duties. Cal. R. Prof. Conduct 3-700(C)(1)(d). Failure to maintain regular communication with one's counsel constitutes good cause for withdrawal. *Ortiz v. Freitas*, No. 14-cv-00322-JSC, 2015 WL 3826151, at *2 (N.D. Cal. June 18, 2015).

In compliance with California Rule of Professional Conduct 3-700(A)(2), counsel may not "withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." These steps include: (1) giving due notice to the client; (2) allowing time for employment of other counsel, pursuant to Rule 3-700(D); and (3) complying with applicable laws and rules. Cal. R. P. Conduct 3-700(A)(2); *El Hage v. U.S. Sec. Assocs., Inc.*, No. C06-7828 TEH, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when

deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

**ANALYSIS**

**1. Good Cause for Withdrawal**

Good cause exists for Mr. Lacy's withdrawal. Mr. Brown filed this case on September 2, 2016.[5] But, "[s]ince that time, [he] has completely withdrawn his participation in the prosecution of th[e] matter, including responding to necessary discovery."[6] Indeed, Mr. Brown's lack of communication and participation has "severely hampered" the parties' discovery efforts.[7] It also led Mr. Lacy to suggest modification of the court's scheduling order to "continue efforts to locate [Mr. Brown]."[8] "Despite diligent attempts" and use of "every resource available to [him] in [his] search for Mr. Brown[,] including contacting his family and friends," Mr. Lacy has been unable to contact Mr. Brown.[9] The court has already granted the parties' stipulated extension of the ADR deadline due to Mr. Brown's non-participation,[10] and the parties now ask to vacate all upcoming court deadlines for the same reasons.[11]

---

[5] Compl. – ECF No. 1.

[6] Lacy Decl. ¶ 3.

[7] *See* Case Management Statement – ECF No. 23 at 2; Case Management Statement – ECF No. 32 at 2.

[8] Case Management Statement – ECF No. 23 at 2.

[9] *See* Case Management Statement – ECF No. 23 at 2; Case Management Statement – ECF No. 32 at 2; Lacy Decl. ¶¶ 2–4.

[10] *See* ECF No. 26.

[11] *See* Stipulation – ECF No. 37.

ORDER – No. 16-cv-05102-LB        3

Given Mr. Brown's lack of communication and participation in the case, it is apparent that Mr. Lacy's continued representation would be unreasonably difficult. Mr. Lacy has therefore shown good cause for withdrawal.

### 2. Timing and Prejudice of Withdrawal

Under the circumstances, Mr. Lacy has taken adequate measures to prevent reasonably foreseeable harm to Mr. Brown and his withdrawal will not prejudice the defendants.

First, Mr. Lacy has given Mr. Brown enough time and sufficient opportunities to object to the motion. Under Local Rule 11-5(a), Mr. Lacy informed Mr. Brown of his intention to withdraw as counsel both verbally and in writing.[12] Mr. Lacy mailed advance written notice of his intention five times: on December 12, 2016; January 10, 2017; January 18, 2017; March 16, 2017; and April 12, 2017.[13] He also mailed the pending motion to Mr. Brown on May 17.[14] Yet Mr. Brown did not respond and did not oppose the motion.

Second, Mr. Lacy's withdrawal will not prejudice the defendants. The parties stipulated to vacate "all hearing dates and filing/disclosure deadlines in this case" because of the delay caused by Mr. Brown's lack of communication.[15] This may delay the resolution of the case, but it will allow Mr. Brown time to find new counsel (or appear pro se), if he decides to participate in the litigation. And, in any event, it is his failure to communicate — not Mr. Lacy's withdrawal — that will delay the resolution. The court is convinced that withdrawal at this juncture, along with a continuation of deadlines, will not prejudice the defendants because they do not oppose Mr. Lacy's motion.[16]

---

[12] Motion at 2.

[13] *Id.* at 2–3.

[14] Lacy Decl. ¶ 5.

[15] Stipulation – ECF No. 37 at 2.

[16] *See* Statement of Non-Opposition.

## CONCLUSION

The court grants Mr. Lacy's motion to withdraw as attorney of record for Mr. Brown. Mr. Lacy must, however, continue to serve on Mr. Brown all papers from the defendants and the court until Mr. Brown files a substitution of counsel or appears pro se. *See* Civil L.R. 11-5(b) ("When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se."). Mr. Lacy must inform Mr. Brown of this condition. *See id.* ("When this condition is imposed, counsel must notify the party of this condition.").

The court has a status conference set for June 22, 2017, at 11:00 a.m. Under the circumstances, the court resets the status conference for July 13, 2017, at 11:00 a.m. The court directs Mr. Lacy to serve this order on Mr. Brown and to file proof of service, and orders Mr. Brown to appear in person on July 13. His failure to do so may be construed as a failure to prosecute and may ultimately result in sanctions or a dismissal of the case for failure to prosecute it.

**IT IS SO ORDERED.**

Dated: June 6, 2017

LAUREL BEELER
United States Magistrate Judge