UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STACY BROWN,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF ANTIOCH, et al.,<br><br>            Defendants. | Case No. 16-cv-05102-LB<br><br>**ORDER DISMISSING CASE**<br>Re: ECF No. 45 |

## INTRODUCTION

In September 2016, plaintiff Stacy Brown sued the defendants for excessive force after he was bitten by a police dog.[1] The court subsequently granted his attorney's motion to withdraw on grounds that included the plaintiff's ceasing all contact with his attorney and not participating in the litigation.[2] The court set a hearing for July 13, 2017, at 11 a.m. and directed the plaintiff to appear in person; his former counsel served him with notice of the hearing, but he did not appear.[3]

The court then set a hearing for August 3, 2017 and ordered the plaintiff to show cause why the case should not be dismissed for failure to prosecute it; the court warned the plaintiff that the

---

[1] Complaint - ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See* ECF Nos. 30, 38.

[3] ECF Nos. 38, 40.

ORDER – No. 16-cv-05102-LB

dismissal would operate as a decision on the merits in favor of the defendants.[4] Again, the plaintiff's former counsel served him notice of the hearing, but he did not appear.[5]

The court has twice warned the plaintiff that failing to appear and participate in his litigation may result in dismissal for failure to prosecute.[6] Thus, the court now dismisses the case for the plaintiff's failure to prosecute.

## GOVERNING LAW

When a district court decides to impose sanctions or discipline, it must clearly delineate under which authority it acts to ensure that the attendant requirements are met. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (citing *Keegan Mgmt. Co. Secs. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on.") (internal quotation marks and citation omitted)). "The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) ("The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed.") (citing *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) ("If the district court ultimately imposes sanctions, detailed findings are necessary to identify the objectionable conduct and provide for meaningful appellate review.")).

Federal Rule of Civil Procedure 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a court may use its "inherent power" to *sua sponte* dismiss the action or any claim against it as a means "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–32 (1962). Such an order to dismiss operates as adjudication on the merits. Fed. R. Civ. P. 41(b).

---

[4] Order to Show Cause – ECF No. 45.
[5] ECF No. 48.
[6] ECF Nos. 38, 45.

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citing *Ballew v. S. Pac. Co.*, 428 F.2d 787 (9th Cir. 1970)). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson*, 542 F.2d 522 at 524 (internal citation omitted). "The law presumes injury from unreasonable delay." *Id.* (citing *States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970)). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id.* (citing *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974)).

In *Yourish v. California Amplifier*, the Ninth Circuit applied the same five-factor standard considered in Federal Rules of Civil Procedure 37(b) case in a Rule 41(b) case. 191 F.3d 983 (9th Cir. 1999). "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d 983 at 990 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986))). "We 'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors "strongly" support dismissal.'" *Id.* (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)) (internal citation omitted). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Id.* (internal citation omitted).

Additionally, the Ninth Circuit has explained that "[t]his 'test' is not mechanical." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "It provides the

district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Valley Eng'rs, Inc. v. Am. Home Ins. Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

Courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link*, 370 U.S. at 630–31).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Const. Co.,* 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id*. (citing *Malone*, 833 F.2d at 132–33). Indeed, "'[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id*. (quoting *Malone*, 833 F.2d at 133 (citing cases)).

## ANALYSIS

The plaintiff, Mr. Brown, has failed to participate in his litigation. After filing this case on September 2, 2016, Mr. Brown "completely withdr[ew] his participation in the prosecution of th[e] matter, including responding to necessary discovery."[7] Mr. Brown's lack of communication and participation has "severely hampered" the parties' discovery efforts.[8] It also led Mr. Brown's former attorney to suggest modifying the scheduling order to "continue efforts to locate [Mr.

---

[7] Lacy Decl. ¶ 3; s*ee* Case Management Statement – ECF No. 23 at 2

[8] Case Management Statement – ECF No. 23 at 2.

Brown]."[9] "Despite diligent attempts" and use of "every resource available to [him] in [his] search for Mr. Brown[,] including contacting his family and friends," Mr. Brown's attorney had been unable to contact him.[10] The court vacated all the scheduling-order deadlines, granted Mr. Brown's attorney's motion to withdraw, and ordered Mr. Brown to appear in person at a status hearing scheduled for July 13, 2017.[11] In granting Mr. Brown's attorney's motion to withdraw, the court warned Mr. Brown that "[h]is failure to do so [appear] may be construed as a failure to prosecute and may ultimately result in sanctions or a dismissal of the case for failure to prosecute it."[12] Mr. Brown did not appear at the hearing. The court then set a show-cause hearing for August 3, 2017 and again warned Mr. Brown that his failure to appear and participate in his lawsuit may result in his case being dismissed, with the dismissal "operat[ing] as a decision on the merits in favor of the defendants."[13] Mr. Brown, again, did not appear, despite the second warning.[14]

## CONCLUSION

On this record, and under the circumstances, the court dismisses the case with prejudice and directs the clerk of court to close the file.

The court directs the plaintiff's previous counsel to serve Mr. Brown with a copy of this order and to file proof of service by August 10, 2017. The court too will serve Mr. Brown by mail to the following address: 37 Sunset Drive, Antioch, CA 94509.

**IT IS SO ORDERED.**

Dated: August 3, 2017

LAUREL BEELER
United States Magistrate Judge

---

[9] *Id.*

[10] *See id.*; Case Management Statement – ECF No. 32 at 2; Lacy Decl. ¶¶ 2–4.

[11] *See* Order Granting Motion to Withdraw – ECF No. 38 at 5; ECF No. 39.

[12] Order Granting Motion to Withdraw – ECF No. 38 at 5.

[13] Order to Show Cause – ECF No. 45 at 2.

[14] ECF No. 48.

United States District Court
Northern District of California